(36 Misc. Rep. 209.)

### BOUGHTON v. PETIGNY et al.

(Supreme Court, Appellate Term. October, 1901.)

BREACH OF CONTRACT—MEASURE OF DAMAGES.

　　A house furnisher contracted with defendants for them to embroider certain draperies which had been manufactured specially for him, and which had no market value or duplicates. They knew that the draperies were necessary for the performance by him of a contract with a third person. The material, while in their hands, was accidentally damaged. *Held*, that the house furnisher was entitled to recover the value of the material and the labor which had been put upon it by him, together with the profit which he would have made had he been able to perform his contract.

Appeal from municipal court of city of New York.

Action by Henry L. Boughton against Edmund C. Petigny and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GIL-DERSLEEVE, JJ.

Lester & Graves, for appellants.
Jeroloman & Arrowsmith, for respondent.

GILDERSLEEVE, J. This action is brought to recover for breach of contract. The plaintiff is engaged in the business of decorating and furnishing houses, and made a contract to furnish a pair of portieres and other drapery to a Mr. Newberger for $700. The defendants entered into an agreement with the plaintiff to do the necessary embroidery on the material provided by the plaintiff for the draperies. While this material was in the possession of defendants, an accident happened, whereby a portion of the material was damaged to such an extent that it could not be used in carrying out the contract that plaintiff had made with Mr. Newberger. The material could not be duplicated. It had been manufactured especially for the draperies in question, and had no market value. The unfortunate accident that resulted in damage to the material prevented the defendants from keeping their contract with the plaintiff, and was the immediate cause of the inability of plaintiff to carry out his agreement with Mr. Newberger. Upon conflicting evidence the trial justice found all disputed facts in favor of plaintiff, and awarded him damage in the sum of $500. This sum comprises the value of the materials and labor supplied by the plaintiff, amounting to $295.22, and the profit of $204.78, which plaintiff would have received had he carried out his contract with Mr. Newberger.

The crucial question raised on this appeal, and the only one which seems to call for discussion, is as follows, viz.: Should the rule allowing special damages be applied to this case? It is the claim of the appellants that the Newberger contract and the surrounding circumstances were not so within the knowledge of defendants as to become part of their obligation. From a careful reading of the evidence it must be said that there is sufficient testimony to warrant the trial justice in concluding, as he did, that the defendants, at the time they undertook to do the work in question, knew that the work they contracted to perform was to enable the plaintiff to carry out his contract with some party. It cannot justly be said that the name of the latter had been disclosed at that time, nor that the sum the plaintiff was to receive had been mentioned. Ignorance of these two facts, however, does not relieve the defendants from the consequences of the nonperformance of their contract. The submission to the defendants of a piece of the silk fabric used in the paneling of the wall where the draperies were to go, the loaning to the plaintiff by the defendants of a sample of applique and hand embroidery, and the statement to defendants by plaintiff's employé that he wanted to show this to a

customer from whom he thought he could get an order for drapery, constituted special circumstances, from which, in view of the character of plaintiff's business, which was well known to defendants, the latter must have understood that they were subcontractors upon whom the plaintiff depended for the carrying out of the contract which he had stated to the defendants he hoped to get. The circumstances disclosed to the defendants indicated to them unmistakably that the plaintiff had obtained the contract that he was seeking at the time he got the sample of applique and embroidery. The damages in the contemplation of the parties resulting from the failure of defendants to complete the contract made under these circumstances would be the amount of injury ordinarily flowing from a breach of such a contract as plaintiff had made with Mr. Newberger, and cannot well be said to be less than the actual loss sustained. It is not claimed that the price agreed upon between plaintiff and Mr. Newberger was extravagant or unreasonable. It is clearly established that the material, supplied by plaintiff, in the condition it was when turned over again to the plaintiff by the defendants, has no market value. The loss suffered by plaintiff is fixed and defined. It was solely due to the failure of defendants to perform their contract. It consisted, as we have seen, of the value of the materials and labor supplied by the plaintiff and the profit he would have received had he completed his contract with Newberger. We think the rule for estimating the damages adopted by the court below, under the circumstances of this case, was correct. It follows the law as declared by the court of appeals in the case of Booth v. Rolling Mill Co., 60 N. Y. 487. See, also, Murdock v. Jones, 3 App. Div. 221, 38 N. Y. Supp. 461.

We find no ground for disturbing the judgment, which should be affirmed, with costs.

Judgment affirmed, with costs    All concur.