(72 App. Div. 76.)

### BOUGHTON v. PETIGNY et al.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

CONTRACTS—ACTION FOR BREACH—MEASURE OF DAMAGES—LOSS OF CONTRACT—
KNOWLEDGE OF SPECIAL CIRCUMSTANCES.

Where defendants contracted with plaintiff to embroider certain draperies of a special kind, having no market value, with knowledge of the exceptional character of the fabric, and that it could not be substituted, and also with knowledge of a contract requiring plaintiff to use such fabric or lose a contract of his own, they were charged with notice that plaintiff could not fulfill his contract unless they embroidered that particular fabric as required; and, having spoiled the fabric, they were liable for the total amount of plaintiff's loss, including the value of his contract, as distinguished from a case of ordinary bailment; since the parties would be held to have contemplated that a breach of plaintiff's contract would result in whatever damages he sustained through inability to perform it.

Appeal from appellate term.

Action by Henry L. Boughton against Edmond C. Petigny and others. From a judgment of the appellate term (73 N. Y. Supp. 139) affirming a judgment in favor of plaintiff, defendants appeal. Affirmed.

For further facts, see prior report.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Harmon S. Graves, for appellants.
William Arrowsmith, for respondent.

HATCH, J. The appeal comes into this court by an order of the justices who heard the appeal from the municipal court. We think the judgment should be affirmed, and in the main we agree with the very satisfactory opinion of the learned appellate term. 73 N. Y. Supp. 139. There is one consideration, however, presented by the record which seems to be controlling of the question presented, and which does not appear in the discussion below, except by inference. The municipal court found, and the evidence justifies the finding, that the defendants knew of the exceptional character of the goods at the time when they received them for the purpose of embroidery, as well as of the existence of the contract which required the plaintiff to make use of this particular fabric or lose the contract. Under such circumstances, the defendants were chargeable with notice and knowledge that there could be no fulfillment of the contract unless they embroidered the particular goods in the manner required. Under such circumstances, within the authorities cited by the learned court below, the party is held to have contemplated that a breach of the contract would result in such damages as the plaintiff sustained by reason of his inability to fulfill the same. As the defendants spoiled the material,

the measure of damages which flowed therefrom was what the plaintiff lost, and thus the case is taken out of the general rule which would apply in the case of bailment of the goods. Here there could be no substitution, and of such fact the defendants had knowledge. No further discussion of the question is needed in view of the opinion delivered below.

The determination of the appellate term should, therefore, be affirmed, with costs. All concur.