HENRY L. BOUGHTON, Respondent, *v.* EDMUND C. PETIGNY and Others, Composing the Firm of PETIGNY FRERES & Co., Appellants.

*Contract to embroider material, specially manufactured, which cannot be duplicated and has no market value — measure of damages for its breach where the embroiderer has knowledge of the existence of a contract for the sale of the product.*

In an action to recover damages for the breach of a contract, it appeared that the plaintiff, who was engaged in the business of decorating and furnishing houses, made a contract to furnish a pair of portieres and other draperies to a customer; that he entered into a contract with the defendants to embroider the draperies, which were made of material especially manufactured for the purpose, which could not be duplicated and had no market value; that the defendants spoiled the material, and that in consequence thereof the plaintiff was unable to carry out his contract with the customer. The court found that, at the time the defendants received the material, they knew of its exceptional character as well as of the existence of the contract which the plaintiff had with the customer.

*Held,* that the measure of damages was the value of the material and labor supplied by the plaintiff, and the profits which he would have received if he had been able to carry out his contract with the customer.

APPEAL by the defendants, Edmund C. Petigny and others, composing the firm of Petigny Freres & Co., from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 31st day of October, 1901, affirming a judgment of the Municipal Court of the city of New

York, borough of Manhattan, in the tenth district, in favor of the plaintiff, entered on the 4th day of April, 1901, and also (as stated in the notice of appeal) from a judgment of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 12th day of December, 1901, upon said order of affirmance.

*Harmon S. Graves,* for the appellants.

*William Arrowsmith,* for the respondent.

HATCH, J. :

The appeal comes into this court by an order of the justices who heard the appeal from the Municipal Court. We think the judgment should be affirmed, and in the main we agree with the very satisfactory opinion of the learned Appellate Term.* There is one

---

* The following is the opinion delivered at the Appellate Term:

GILDERSLEEVE, J. :

This action is brought for breach of contract. The plaintiff is engaged in the business of decorating and furnishing houses, and made a contract to furnish a pair of portieres and other drapery to a Mr. Newberger for $700. The defendants entered into an agreement with the plaintiff to do the necessary embroidery on the material provided by the plaintiff for the draperies. While this material was in the possession of defendants, an accident happened, whereby a portion of the material was damaged to such an extent that it could not be used in carrying out the contract that the plaintiff had made with Mr. Newberger. The material could not be duplicated. It had been manufactured especially for the draperies in question and had no market value. The unfortunate accident that resulted in damage to the material prevented the defendants from keeping their contract with the plaintiff, and was the immediate cause of the inability of plaintiff to carry out his agreement with Mr. Newberger. Upon conflicting evidence, the trial justice found all disputed facts in favor of the plaintiff, and awarded him damages in the sum of $500. This sum comprises the value of the materials and labor supplied by the plaintiff, amounting to $295.22, and the profits of $204.78, which plaintiff would have received had he carried out his contract with Mr. Newberger.

The crucial question raised on this appeal, and the only one which seems to call for discussion, is as follows, viz. : Should the rule allowing special damages be applied to this case ? It is the claim of appellants that the Newberger contract and the surrounding circumstances were not so within the knowledge of defendants as to become part of their obligation. From a careful reading of the evidence it must be said that there is sufficient testimony to warrant the trial justice in concluding, as he did, that defendants, at the time they undertook to do the work in question, knew that the work they contracted to perform was to

consideration, however, presented by the record which seems to be controlling of the question presented, and which does not appear in the discussion below, except by inference.

The Municipal Court found, and the evidence justifies the finding, that the defendants knew of the exceptional character of the goods at the time when they received them for the purpose of embroidery, as well as of the existence of the contract which required the plaintiff to make use of this particular fabric or lose the contract. Under such circumstances, the defendants were chargeable with notice and knowledge that there could be no ful-

---

enable the plaintiff to carry out his contract with some party. It cannot justly be said that the name of the latter had been disclosed at that time, nor the sum the plaintiff was to receive had been mentioned. Ignorance of these two facts, however, does not relieve the defendants from the consequences of the non performance of their contract. The submission to defendants of a piece of the silk fabric used in the panelling of the wall where the draperies were to go, the loaning to the plaintiff by defendants of a sample of applique and hand embroidery, and the statement to defendants by plaintiff's employee that he wanted to show this to a customer from whom he thought he could get an order for drapery, constituted special circumstances from which, in view of the character of plaintiff's business, which was well known to defendants, the latter must have understood that they were sub-contractors upon whom the plaintiff depended for the carrying out of the contract, which he had stated to defendants he hoped to get. The circumstances disclosed to the defendants indicated to them unmistakably that the plaintiff had obtained the contract that he was seeking at the time he got the sample of applique and embroidery. The damages in the contemplation of the parties, resulting from a failure of defendants to complete the contract made under these circumstances, would be the amount of injury ordinarily flowing from a breach of such a contract as plaintiff had made with Mr. Newberger, and cannot well be said to be less than the actual loss sustained. It is not claimed that the price agreed upon between plaintiff and Mr. Newberger was extravagant or unreasonable. It is clearly established that the material supplied by plaintiff, in the condition it was when turned over again to plaintiff by defendants, has no market value. The loss suffered by plaintiff is fixed and defined. It was solely due to the failure of defendants to perform their contract. It consisted, as we have seen, of the value of the materials and labor supplied by plaintiff and the profit he would have received had he completed his contract.

We think that the rule for estimating the damages, adopted by the court below, under the circumstances of this case, was correct. It follows the law as declared by the Court of Appeals in the case of *Booth* v. *Spuyten Duyvil Rolling Mill Co.* (60 N. Y. 487). (See, also, *Murdock* v. *Jones*, 3 App. Div. 221.)

We find no ground for disturbing the judgment which should be affirmed, with costs.

fillment of the contract unless they embroidered the particular goods in the manner required. Under such circumstances, within the authorities cited by the learned court below, the party is held to have contemplated that a breach of the contract would result in such damages as the plaintiff sustained by reason of his inability to fulfill the same. As the defendants spoiled the material, the measure of damages which flowed therefrom was what the plaintiff lost, and thus the case is taken out of the general rule which would apply in the case of bailment of the goods. Here there could be no substitution, and of such fact the defendants had knowledge.

No further discussion of the question is needed in view of the opinion delivered below.

The determination of the Appellate Term should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Determination of Appellate Term affirmed, with costs.